DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Robert L. Daniels has appealed his convictions of felonious assault and misdemeanor domestic violence from the Lorain County Court of Common Pleas. This Court affirms.
 I {¶ 2} On July 22, 2002, Appellant and Carrie Harkless ("the victim") had an argument. The victim left the apartment that she shared with Appellant, approached a neighbor, and used a cell phone to call the Lorain Police Department. The victim told Officer Kirk Graupman, the responding officer, that while in the apartment with Appellant a short time earlier, they had started arguing. She also stated that Appellant attempted to hit her in the upper body with a hammer, and that when she blocked the blow with her arm, he hit her arm with the hammer. She also told Officer Graupman that during the argument, Appellant struck her on the back of the head with his fist and kicked her in the stomach. Because the victim thought she was pregnant at the time of the alleged assault, she was immediately taken to the hospital for a physical examination.
 {¶ 3} Appellant was arrested by the Lorain Police Department, and on September 25, 2002, Appellant was indicted by the Lorain County Grand Jury on one count of felonious assault, in violation of R.C. 2903.11(A)(2), and one count of misdemeanor domestic violence, in violation of R.C. 2919.25(A). Appellant pleaded innocent to both charges. On March 19, 2003, Appellant was found guilty by a jury as charged in the indictment. He was immediately sentenced to a term of four years in prison for his conviction of felonious assault and six months in prison for his conviction of domestic violence, both terms to be served concurrently.
 {¶ 4} Appellant has timely appealed his conviction of both counts, asserting three assignments of error.
 II Assignment of Error Number One
"The jury verdict in this case is against the manifest weight and sufficiency of the evidence and should be reversed because it violates the fourteenth amendment to the united states constitution and article I, section 10 of the constitution of the State of Ohio."
 {¶ 5} In his first assignment of error, Appellant has argued that his convictions for felonious assault and misdemeanor domestic violence were based on insufficient evidence and against the manifest weight of the evidence. Specifically, he has argued that the State presented insufficient evidence to support his conviction because it did not present any eyewitness testimony to corroborate the victim's testimony that Appellant struck her with the hammer. We disagree.
 {¶ 6} Appellant was convicted of felonious assault, in violation of R.C. 2903.11(A)(2), which states, in pertinent part:
"(A) No person shall knowingly do either of the following:"
* * *
"(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
 {¶ 7} Appellant was also convicted of misdemeanor domestic violence, in violation of R.C. 2919.25(A), which states in pertinent part: "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member." R.C.2919.25(E)(1) defines "household member" to include a person living as a spouse of the offender. A person is deemed living as a spouse of the offender if he has "cohabitated with the offender within five years prior to the date of the alleged commission of the act in question." R.C. 2919.25(E)(2).
 {¶ 8} Review of the sufficiency of the evidence put forth by the State to convict a defendant at trial, or the manifest weight of the evidence put forth at trial are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citingState v. Thompkins (1997), 78 Ohio St.3d 380, 390. In reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution in order to determine whether the evidence before the trial court was sufficient to sustain a conviction. Furthermore:
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus; see, also, Thompkins, 78 Ohio St.3d at 386.
 {¶ 9} In determining whether a conviction is against the manifest weight of the evidence, an appellate court does not view the evidence in the light most favorable to the State when determining if it has met its burden of persuasion. Gulley,
supra, at 3. Instead,
"[A]n appellate court is required to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 10} It is the exceptional case where the evidence weighs heavily in favor of the defendant. Id. In State v. Roberts
(Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4, this Court explained:
"[S]ufficiency is required to take a case to the jury. * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.)
 {¶ 11} In the instant matter, Appellant has argued that his conviction for felonious assault with a deadly weapon, namely a hammer, was not supported by the evidence because the victim was the only witness to testify that Appellant used the hammer to injure her. The State has argued that the testimony presented by its witnesses constituted an overwhelming amount of evidence in support of its contention that Appellant used a hammer to assault the victim.
 {¶ 12} The victim testified for the State. She testified that Appellant was an alcoholic and had been drinking on the day in question. She also testified that Appellant "hit [her] in the back of the head[,]" and "punched [her] in the back[,]" hit her right arm with the hammer, and kicked her in the stomach during the course of the argument that occurred on July 22, 2002. The victim further testified that, following the physical attack, she grabbed her car keys and attempted to flee the apartment, at which time Appellant threatened to kill her if she tried to leave. She further testified that Appellant had a hammer in his hand and followed her to her car where he threatened the break out all of her car windows if she attempted to leave the premises. She also testified that Appellant followed her as she attempted to get away from him, but she ultimately reached a neighbor's home and used a cell phone to call the police.
 {¶ 13} Officer Keith Pool testified on behalf of the State. He testified that on July 22, 2002, he was off-duty and sleeping in a house near the scene of the incident only to be awakened by crashing and yelling noises. He testified that he looked out his window and saw "[Appellant] * * * behind [the victim] with a hammer in his hand She [was] running away from him" and telling him to leave her alone. He further testified that he went outside, subdued Appellant on the front step of Appellant's home, then spoke with the victim. The victim told Officer Pool that Appellant had hit her with the hammer and kicked her in the stomach.
 {¶ 14} Officer Graupman of the Lorain Police Department also testified for the State. He testified that, as the responding officer, he arrived on the scene, smelled alcohol on Appellant's breath, secured Appellant in the police car, then proceeded to interview the victim. He further testified that the victim told him that she and Appellant had engaged in a fight earlier in the day and that Appellant hit her arm with a hammer and struck her on the back of the head with his fist. The victim told Officer Graupman that she thought she was pregnant, and the officer called an ambulance to take her to the hospital.
 {¶ 15} Appellant testified in his own defense and asserted that the victim presented false testimony when she testified that he: (1) was drunk at the time of the argument and assault; (2) struck her with the hammer; (3) prevented her from leaving the scene in her car; and (4) hit her in the head. He further testified that Officer Graupman presented false testimony at trial when he testified that Appellant smelled of alcohol at the scene of the crime. In addition, Appellant testified that Officer Pool presented false testimony at trial when he testified that he witnessed Appellant following the victim with a hammer while she was running away from Appellant. Appellant further testified that, contrary to the victim's testimony, the victim pursued him with the hammer, and that he only took possession of the hammer in self-defense.
 {¶ 16} Appellant's mother also testified for the defense. She testified that Appellant had spent much of July 22, 2002, with her, and that she did not see him drink any alcoholic beverages on that date. Appellant's brother also testified that he had seen Appellant on July 22, 2002, and that he too did not see his brother drink any alcoholic beverages on that date.
 {¶ 17} This Court has previously held that "[c]ircumstantial evidence from which a jury could infer culpability possesses the same probative value as direct evidence." State v. Wooden (Feb. 11, 1998), 9th Dist. No. 18448, at 7, appeal not allowed (1998),82 Ohio St.3d 1411, citing Jenks, 61 Ohio St.3d 259, paragraph one of the syllabus. Therefore, the jury was entitled to infer, based on the testimony presented by the police officers, that Appellant had assaulted the victim. The jury was also entitled to believe the State's witnesses that Appellant committed the assault with a hammer, and that the hammer was used as a deadly weapon or dangerous ordnance. At the same time, the jury was entitled to disbelieve Appellant's testimony that he never assaulted the victim and that the police officer's had presented untruthful testimony. This Court will not overturn a judgment based solely on the fact that the jury preferred one version of the testimony over the other. See State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757, at 4.
 {¶ 18} Viewing the evidence in a light most favorable to the prosecution, this Court has concluded that the jury clearly did not lose its way and create a manifest miscarriage of justice when it convicted Appellant of felonious assault and misdemeanor domestic violence. This Court also finds that there was sufficient evidence to convict Appellant of the charges put forth in the indictment. This is not an exceptional case in which the weight of the evidence warrants a reversal. Nor is it a case in which there was insufficient evidence to support Appellant's conviction. Appellant's first assignment of error is not well taken.
 Assignment of Error Number Two
"Appellant did not receive effective assistance of counsel in violation of the sixth and fourteenth amendments to the united states constitution, and Article I, Section 10 of the constitution of the State of Ohio."
 {¶ 19} In his second assignment of error, Appellant has argued that he was denied the effective assistance of counsel at trial. Specifically, he has argued that counsel's failure to object to the admission of evidence that Appellant has argued was inadmissible pursuant to Evid.R. 404(B) deprived him of a fair trial. We disagree.
 {¶ 20} A properly licensed attorney in Ohio is presumed competent. State v. Smith (1985), 17 Ohio St.3d 98, 100. The burden of proving counsel's ineffectiveness, therefore, is on the defendant. Id. A defendant is denied the effective assistance of counsel when his attorney's performance falls below an objective standard of reasonable representation and the defendant is prejudiced as a result. Strickland v. Washington (1984),466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v.Bradley (1998), 42 Ohio St.3d 136, paragraph three of the syllabus, certiorari denied (1997), 522 U.S. 953, 118 S.Ct. 376,139 L.Ed.2d 293.
 {¶ 21} Appellant's second assignment of error focuses on evidentiary issues that arose at trial. Those issues are governed by Evid.R. 404(B) and Evid.R. 609(A)(2). Evid.R. 404(B) states, in pertinent part:
"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Evid.R. 404(B).
 {¶ 22} Evid.R. 609(A)(2) states that prior felony convictions are admissible as impeachment against a defendant if the conviction resulted in punishment of death or imprisonment of at least one year, and the trial court has determined that the probative value of the evidence outweighs any potential prejudice.
 {¶ 23} Appellant has argued that his counsel's failure to object to the following evidence deprived him of a fair trial: (1) testimony that he was an alcoholic; (2) testimony that he had previously been in jail; (3) testimony that he did not have a driver's license; (4) testimony that he had a prior conviction for domestic violence; and (5) testimony that he was on post-release control. The State has argued that the suspect testimony was either admissible under the Rules of Evidence, or counsel's failure to object to admission of such evidence was a trial tactic.
 {¶ 24} Our review of the record indicates that when Appellant took the stand in his own defense, he was asked if he had any prior felony convictions within the last ten years. Appellant responded that he had a prior conviction for "Felonious assault. Domestic[,]" meaning misdemeanor domestic violence, and that he had served time in jail as a result. Appellant was not asked if he had any prior misdemeanor convictions. It is clear that Appellant volunteered information regarding his prior misdemeanor conviction, and he has now claimed that it was error for his counsel not to object to Appellant's own sworn testimony. We find that Appellant's voluntary admission of his conviction for misdemeanor domestic violence constituted invited error. This Court has previously held that "[t]he rule of invited error prohibits a party who induced error at trial from asserting such error on appeal." State v. Halle (Sept. 1, 1993), 9th Dist. No. 16164, at 6. Based on the foregoing, we reject Appellant's argument.
 {¶ 25} Appellant has further argued that he was prejudiced by counsel's failure to object to testimony presented by both the victim and Appellant that he was on post-release control at the time he committed the underlying offenses because such testimony was inadmissible pursuant to Evid.R. 404(B). At trial, the victim testified that she did not want Appellant to drink alcoholic beverages because he would have to "go back to jail." Later in the trial, when Appellant took the stand in his own defense, Appellant was asked by the State if the victim had discouraged him from drinking alcoholic beverages in the past because drinking alcoholic beverages would constitute a violation of his post-release control. He responded affirmatively then denied drinking any alcoholic beverages on the day in question.
 {¶ 26} Assuming, arguendo, that it was error to admit evidence that Appellant was on post-release control, we find such error harmless pursuant to Crim.R. 52(A), which states that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." As a reviewing court, this Court must find that there is a reasonable probability that the admission by Appellant that he was on post-release control, and his counsel's failure to object to the State's question that produced his answer, may have contributed to Appellant's conviction. State v. Cureton, 9th Dist. No. 01CA3219-M, 2002-Ohio-5547 at ¶ 37, appeal denied (2003),100 Ohio St.3d 1412; see, also, State v. DeMarco (1987),31 Ohio St.3d 191, 195. Our review of the record indicates that at the point in the trial when the State elicited Appellant's testimony that he was under post-release control, the victim and two police officers had already presented a substantial body of incriminating evidence against Appellant. Testimony had already been presented that Appellant assaulted the victim; that he followed the victim around the yard with a hammer; that Appellant prevented the victim from leaving the premises; and that Appellant had been drinking and left numerous empty beer cans throughout his apartment on the day the underlying offenses occurred. Also at this point in the trial, Appellant had volunteered the fact that he had a prior conviction for misdemeanor domestic violence and that he had served time in jail as a result.
 {¶ 27} In light of the foregoing, this Court is convinced that Appellant's testimony that he was on post-release control did not contribute to his conviction and thus constituted harmless error. Consequently, Appellant was not prejudiced by counsel's decision not to object to testimony that he was on post-release control at the time he committed the underlying offenses.
 {¶ 28} Lastly, Appellant has argued that he was prejudiced by counsel's failure to object to testimony that he was an alcoholic and that he did not have a driver's license. The decision of whether or not to object to testimony at trial is a trial tactic.State v. Ray (Nov. 22, 1995), 9th Dist. No. 17248, at 7, appeal not allowed (1996), 75 Ohio St.3d 1484. "[A] defendant is not deprived of effective assistance of counsel when counsel chooses, for strategical reasons, not to pursue every possible trial tactic." State v. Brown (1998), 38 Ohio St.3d 305, 319, certiorari denied (1989), 489 U.S. 1040, 109 S.Ct. 1177,103 L.Ed.2d 239. Competent counsel might well hesitate before objecting to testimony in the presence of the jury because objections might be considered bothersome by the jury or disrupt the flow of the trial. State v. Campbell (1994),69 Ohio St.3d 38, 53, certiorari denied (1994), 513 U.S. 913, 115 S.Ct. 289,130 L.Ed.2d 204. In the case at bar, Appellant had already voluntarily told the jury that he had a prior conviction for misdemeanor domestic violence on his criminal record, and that he had served time in jail as a result. In light of these previously disclosed facts, counsel's decision not to object could reasonably be viewed as a sound trial tactic. This Court will not second guess the strategic decisions of trial counsel. See Statev. Carter (1995), 72 Ohio St.3d 545, 558, certiorari denied (1995), 516 U.S. 1014, 116 S.Ct. 575, 133 L.Ed.2d 498.
 {¶ 29} Based on the foregoing, we conclude that Appellant has failed to show that counsel's performance fell below an objective standard of reasonableness as required by Strickland
Appellant's second assignment of error lacks merit.
 Assignment of Error Number Three
"The trial court erred in admitting medical records of the victim."
 {¶ 30} In his third assignment of error, Appellant has argued that the trial court erred when it admitted the victim's medical records into evidence. Specifically, he has argued that the victim's medical records relevant to the instant matter contained inadmissible hearsay statements that Appellant assaulted the victim. We disagree.
 {¶ 31} Evid.R. 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay is generally not admissible. Evid.R. 802. However, Evid.R. 803(4) states, in pertinent part:
"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
"* * *
"(4) Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.
 {¶ 32} In the instant matter, Appellant has argued that hearsay statements contained in the victim's medical records that indicated that Appellant was the person who caused the victim's injuries were admitted into evidence in contravention of Evid.R. 803. The State has argued that Appellant failed to preserve for appeal the issue regarding hearsay statements in the medical records because Appellant did not invoke Evid.R. 803 as the basis of his objection to the admission of the medical records at trial. The State has also argued that even if hearsay statements contained in the medical records were improperly admitted, such error constituted harmless error pursuant to Crim.R. 52(A).
 {¶ 33} Evid.R. 103(A) states that an objection to the admission of evidence at trial must state the ground for the objection with specificity. See, also, State v. Rogers, (April 14, 1999), 9th Dist. No. 19176, at 8, appeal not allowed (1999),86 Ohio St.3d 1460. Our review of the record reveals that Appellant appears to have objected to the admission of the victim's medical records at trial on the basis that the records had not been properly authenticated as an exhibit. Appellant did not contend at trial that the records were inadmissible hearsay in contravention of Evid.R. 803, thus he has waived any such issue on appeal. This Court "need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Williams (1977), 51 Ohio St.2d 112, paragraph one of the syllabus, vacated in part on other grounds (1978), 438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1156. Accordingly, the trial court did not err when it admitted the victim's medical records into evidence, even though the records included statements that Appellant was the person who assaulted her.
 {¶ 34} Furthermore, assuming, arguendo, that there were inadmissible hearsay statements contained in the medical records and that such statements were admitted in error, we find such error harmless. In light of the overwhelming evidence that indicated Appellant had indeed assaulted the victim with a hammer, a reasonable jury could have found Appellant guilty of the charged offenses without considering the statements contained in the victim's medical records. Consequently, Appellant's third assignment of error lacks merit.
 III {¶ 35} Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
Baird, P.J., and Carr, J. concur.